**GRAYSON BLOCK MINING COMPANY,**
Appellant,

v.

**Emma STEPHENS, Executrix of the Estate of George Stephens, Deceased, d/b/a, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1958.

Thos. D. Theobald, Jr., Grayson, for appellant.

H. R. Wilhoit, Grayson, for appellees.

CULLEN, Commissioner.

Grayson Block Mining Company brought action against George Stephens to recover the value of a substantial amount of coal allegedly mined by Stephens from a tract of land that the Grayson company held under lease. The case was submitted to a jury, which returned a verdict for the defendant on the ground that he had not encroached on the mining company's lease. The mining company appeals from the judgment entered upon the verdict.

The sole contention of the appellant is that the trial court should have ruled as a matter of law that the defendant intentionally and willfully trespassed on the appellant's leasehold, submitting to the jury only the question of damages.

The mining company's lease, from the Cornett heirs, covered all of the Cornett land north of John's Run Creek. At a point in the western part of the Cornett tract two forks or branches, flowing towards the east, join to form a stream which everyone agrees is known as John's Run Creek. The tract of land in controversy lies between the two forks. In the mining company's lease the description of the land mentions two forks of John's Run Creek, designating the southern one as Boone's Fork and the northern one as Crawford's Fork. The lease specifically grants the mining company all land north of Boone's Fork. The evidence for the mining company was that the defendant had taken coal from the north side of the stream called Boone's Fork, thus encroaching on the mining company's leasehold.

The evidence for the defendant Stephens was that there was no such stream as Boone's Fork in the neighborhood of his mining operations; that his operations did extend to a limited extent north of a stream known as Sammons Branch, which stream had never been called Boone's Fork or considered a part of John's Run Creek, but had always been called Sammons Branch. The mining company had sent a letter to Stephens notifying him of its claim to all of the land north of John's Run Creek, but he had not considered this claim as extending south to the stream known as Sammons Branch.

While the evidence on behalf of the mining company tended strongly to support its claim that the stream crossed by the

defendant in his mining operations was in fact Boone's Fork, we think the defendant's evidence created sufficient conflict to warrant submission of the question to the jury. There clearly was no basis for a directed verdict of intentional and willful trespass, which is the only verdict the mining company moved for.

The judgment is affirmed.